[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15948
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10031-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 3, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Miguel Gonzalez appeals the concurrent prison sentences of 188 months he

received on December 18, 2007, after pleading guilty to both counts of an indictment, each charging a violation of 21 U.S.C. § 841(a)(1) as follows: Count 1, possession with intent to distribute five grams or more of cocaine base ("crack"); Count 2, possession with intent to distribute a controlled substance.[1] He seeks the vacation of his sentences, and a new sentencing hearing, on the ground that his sentences are unreasonable.

The presentence investigation report ("PSI"), in determining the base offense level, converted the crack, 13.5 grams, and cocaine powder, 164.4 grams, for which Gonzalez was correctly held accountable, into their marijuana equivalencies: 248.8 kilograms of marijuana. This yielded a base offense level of 26. See U.S.S.G. § 2D1.1(c)(7). Gonzalez was a career offender, so the PSI increased that level to 34 pursuant to U.S.S.G. § 4B1.1(a), (b)(B). A downward adjustment under U.S.S.G. 3E1.1(a), (b), resulted in a total offense level of 31. This coupled with a criminal history category of VI produced a sentence range of 188-235 months' imprisonment. As indicated above, the sentences Gonzalez received were at the low end of that range.

Gonzalez says that his sentences are unreasonable because he did not receive the benefit of Guidelines amendment 2007. The 2007 amendment provided for a

---

[1] Gonzalez pled guilty without the benefit of a plea agreement.

two-level reduction in the base offense level for crack, but he did not receive the benefit of the reduction. The PSI, and thus the court, converted the crack he possessed into its marijuana equivalency because he was also convicted of possessing cocaine powder.

We review Gonzalez's sentences for reasonableness. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). "Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." Id. In Gall v. United States, ___ U.S. ___, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007), the Supreme Court recently clarified that, under a reasonableness review, an appellate court is to review sentencing decisions for an abuse of discretion.

Amendment 706, effective November 1, 2007, reduced the base offense levels for offenses involving crack cocaine. See U.S.S.G. App. C, Amend. 706. When a defendant is convicted of possessing multiple types of drugs, the Guidelines provide that each drug must be converted into its marijuana equivalency, and the base offense level is determined based on the combined marijuana equivalency for the different drugs. U.S.S.G. § 2D1.1 cmt. (n.10(b), (D)). The base offense level is not determined by the combined marijuana equivalency, however, where, as here, the defendant qualifies as a career offender,

3

and the career offender base offense level is higher than the combined marijuana equivalency offense level, U.S.S.G. § 4B1.1(b), as it is in this case.

A district court's first duty in fashioning a sentence is correctly to calculate, and consult, the Guideline sentence range. Next, the court must take into consideration the sentencing factors of 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims.

Talley, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). The district court need not state on the record that it explicitly considered each factor, nor discuss each factor; it is sufficient for the court to acknowledge that it has considered the defendant's arguments and § 3553(a) factors. Talley, 431 F.3d at 786. Additionally, how much weight an individual § 3553(a) factor should receive is committed to the court's discretion. Clay, 483 F.3d at 743.

Here, the district court correctly calculated the Guidelines sentence range and acknowledged that it had considered Gonzalez's arguments and the § 3553(a)

4

factors.  Gonzalez's sentences are therefore reasonable.

**AFFIRMED.**